# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1493V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
MELISSA GREENBERG and               *
RICHARD GREENBERG, parents of       *
M.G., a minor,                      *          Chief Special Master Corcoran
                                    *
              Petitioners,          *          Filed:  March 6, 2026
                                    *
       v.                           *
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
              Respondent.           *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioners.

*Mark K. Hellie*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 29, 2020, Melissa and Richard Greenberg, on behalf of their minor daughter, M.G., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that M.G. suffered a central nervous system demyelinating disorder, including acute disseminated encephalomyelitis and myelin oligodendrocyte antibody disease, as a result of an influenza vaccine administered on November 8, 2017. Petition (ECF No. 1) at 1. The parties successfully settled the case, and I issued a decision awarding compensation. *See* Decision, dated Jan. 28, 2025 (ECF No.64).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioners have now filed a motion for a final award of attorneys' fees and costs. Motion, dated Nov. 21, 2025 (ECF No. 71) ("Mot."). This is the sole fees and costs request. Petitioners request a total of $87,464.09 ($65,208.00 in fees, plus $22,256.09 in costs) for the work performed by the attorneys and paralegals at Conway, Homer, P.C. Mot. at 1, 2. The requested costs include Petitioners' unreimbursed litigation costs, which are discussed in greater detail below. Respondent reacted to the fees request on December 5, 2025. *See* Response, dated Dec. 5, 2025 (ECF No. 73) ("Resp."). Respondent agrees that Petitioners have satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 3. Petitioners did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$87,464.09**.

## I.    Calculation of Fees

Because Petitioners' claim was successful, they are entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for their attorneys and support staff, based on the years work was performed:

| | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|
| **Meredith Daniels (Attorney)** | -- | -- | -- | $350.00 | $410.00 | -- | $485.00 | $516.00 |
| **Ronald Homer (Attorney)** | -- | -- | $447.00 | $447.00 | $475.00 | $500.00 | $525.00 | $567.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Joseph Pepper (Attorney)** | -- | -- | $355.00 | $355.00 | -- | $455.00 | $485.00 | $516.00 |
| **Christina Ciampolilo (Attorney)** | $342.00 | $350.00 | $380.00 | $380.00 | $425.00 | $470.00 | $500.00 | $537.00 |
| **Nathanial Enos (Attorney)** | -- | -- | -- | -- | -- | -- | $360.00 | -- |
| **Patrick Kelly (Attorney)** | -- | -- | -- | -- | $250.00 | -- | -- | $380.00 |
| **Laura Faga (Attorney)** | -- | -- | -- | -- | $385.00 | -- | -- | |
| **Paralegals** | $142.00 | $145.00 | $155.00 | $155.00 | $170.00 | $185.00 | $195.00 | $207.00 |

ECF No. 71, Tab A at 1–40.

The attorneys at Conway, Homer, P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid at forum rates, as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-396V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested are also consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special Masters' fee schedule. [3] *See Guzman v. Sec'y of Health & Hum. Servs.*, No. 22-957V, 2025 WL 1891419, at *3 (Fed. Cl. Spec. Mstr. June 9, 2025); *Jackman v. Sec'y of Health & Hum. Servs.*, No. 21-685V, 2025 WL 2659100 (Fed. Cl. Spec. Mstr. Aug. 13, 2025). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $21,661.54 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of a single expert—Yuval Shafrir,

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 6, 2026).

M.D. Mot. at 2. Dr. Shafrir prepared two written reports and submitted an invoice reflecting a total amount of $20,475.00 (45.5 hours of work billed at $450.00 per hour, minus a $2,000.00 retainer). ECF No. 71, Tab B at 63–64. The total amount charged was largely reasonable for the work performed, and I do not find any reason to make reductions.

The same is true for the other litigation-related costs. Petitioners seek $594.55 for postage costs and costs associated with the establishment of a guardianship. Such costs are typical in Program cases, were reasonably incurred in this matter, and are not duplicative sums billed by Petitioner's counsel. These costs are thus appropriately included in this award.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorneys' Fees and Costs in its entirety. Petitioners are awarded a total amount of **$87,464.09**, reflecting (a) $86,869.54 in attorney's fees and costs (including the aforementioned expert costs); and (b) $594.55 in Petitioners' unreimbursed litigation costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

4